UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Oronde Coleman,<br><br>    Plaintiff,<br><br>vs.<br><br>Michelle Leavitt, Judge,<br><br>    Defendant. | Case No.: 2:25-cv-01997-RFB-MDC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 1) AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE (ECF NO. 1-1)** |

  Pending before the Court is *pro se* prisoner plaintiff Oronde Coleman's *Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 1). The Court **GRANTS** plaintiff's IFP application and dismisses plaintiff's Complaint (ECF No. 1-1) without prejudice for the reasons below.

## DISCUSSION

### I. WHETHER PLAINTIFF CAN PROCEED IFP

  Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

  Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the

average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff is incarcerated. Plaintiff submitted the prisoner IFP application, a copy of declaration and the financial certificate, the financial certificate is signed by the appropriate official, and a certified copy of the trust fund account statement. *ECF No. 1*. The authorized officer who filled out the financial certificate calculated that her initial filing fee should be $8.00. *Id.* at 4. Since plaintiff's calculated filing fee is less than $10, the Court will waive the initial filing fee at this time. Plaintiff will remain obligated going forward to pay the full filing fee in installments any month that her account exceeds $10. The Court grants plaintiff's IFP application.

## II.     COMPLAINT

### A.     Legal Standard

Upon granting a request to proceed in forma pauperis, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v.*

1  *Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it
2  appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would
3  entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).
4        "A document filed pro se is "to be liberally construed" and a pro se complaint, however
5  inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."
6  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)
7  (internal citations omitted)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be
8  given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from
9  the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United*
10 *States*, 70 F.3d 1103, 1106 (9th Cir. 1995). At issue is whether plaintiff's complaint
11 states a plausible claim for relief.

12         **B.**      **Plaintiff's Claim Is Barred Because Defendant Has Judicial Immunity**

13       Plaintiff brings suit under 42 U.S.C. § 1983 and alleges that defendant committed "judicial
14 misconduct" in violating his Sixth and Fourteenth Amendment rights while defendant presided as a state
15 court judge over criminal proceedings where plaintiff was facing state law charges. *ECF No. 1-1*.
16 Plaintiff alleges that during those proceedings, defendant ignored his pleas to invoke his rights to a
17 speedy trial, prevented him from using material exculpatory evidence, and otherwise acted improperly.
18 *Id.* However, Judges are absolutely immune from liability in civil rights suits for actions taken in their
19 judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*,
20 502 U.S. 9, 11-12 (1991). This absolute immunity "insulates judges from charges of erroneous acts or
21 irregular action, even when it is alleged that such action was driven by malicious or corrupt motives…
22 or when the exercise of judicial authority is flawed by the commission of grave procedural errors." *In re*
23 *Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (citations omitted) (internal quotation marks omitted); *see*
24 *also Mireles*, 502 U.S. at 11. Here, defendant was acting in her judicial capacity when she committed the
25

1  alleged violations of plaintiff's rights and plaintiff does not allege any facts that defendant was acting
2  outside her official capacity. *See ECF No. 1-1*. While plaintiff can appeal judicial decisions adverse to
3  him through the traditional state appellate process, he cannot file "collateral attacks on final judgments
4  through civil suits[.]" *In re Castillo*, 297 F.3d at 547. Therefore, plaintiff's claim against defendant is
5  barred because defendant has judicial immunity for actions done in her official capacity as a state court
6  judge.

        C.      **Plaintiff's Claim Are Also Likely Barred By The *Heck* Doctrine**

8  Based on the facts of plaintiff's proposed complaint, his claim may also be barred under the
9  *Heck* doctrine. Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a
10 criminal conviction or sentence, the action does not arise until the conviction or sentence has been
11 reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal,
12 or called into question by the issuance of a federal habeas writ. *See Heck v. Humphrey*, 512 U.S. 477,
13 486-87 (1994). In short, a civil rights action filed by a state prisoner "is barred (absent prior
14 invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of
15 the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that
16 action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v.*
17 *Dotson*, 544 U.S. 74, 81-82 (2005). Plaintiff alleges here that defendant did not admit evidence that
18 would have "exonerated" him and acted improperly during his criminal proceedings when making his
19 claim. *ECF No. 1-1*. Plaintiff succeeding in his claim would mean that defendant violated his
20 constitutional rights during his criminal proceedings and would thus necessarily demonstrate the
21 invalidity of his conviction in those proceedings. Therefore, plaintiff's claims are also likely barred by
22 the *Heck* doctrine. *See Heck*, 512 U.S. 477.
23 //
24 //
25

### D. Plaintiff's State Law Allegations

Plaintiff also alleges that defendant violated his rights under the Nevada Constitution. *See ECF No. 1-1*. To the extent that plaintiff makes out a state law claim, his claims are barred by jurisdiction. Although supplemental jurisdiction may allow for plaintiff to bring state law claims, plaintiff cannot bring these claims under Section 1983 because his federal claims fail. *See* 28 U.S.C. § 1367 ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction. Therefore, the Court dismisses plaintiff's state law claims unless a federal claim(s) is allowed to proceed.[1]

### E. Amended Complaint

The Court will give plaintiff an opportunity to try to amend his complaint and properly allege claims in accordance with this Order. Plaintiff is reminded to ensure that his amended complaint does not violate Plaintiff is also cautioned that "when a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). In other words, the amended complaint is an entirely new document that completely sets forth the facts and claims for relief.

Finally, plaintiff must not state the full name of an alleged sexual assault victim as he does in his current complaint. *See Doe v. JBF RAK LLC*, No. 2:14–cv–00979–RFB–GWF, 2014 WL 5286512, at *5 (D. Nev. October 15, 2014) (noting that the public has a strong interest in protecting the identities of sexual assault victims). Plaintiff can use initials, generally refer to the charges he was incarcerated over,

---

[1] Plaintiff's alleging violations of "civil rights" and "human rights" also fail because he does not provide any legal authority that these allegations are based on.

or explain why he needs to name the victim in his complaint. Because plaintiff's current complaint identifies an alleged victim, the Court will also strike it from the record.

### III. CONCLUSION

The Court grants plaintiff's IFP application. The Court dismisses without prejudice plaintiff's complaint and gives him an opportunity to file an amended complaint addressing the deficiencies noted in this Order.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion/Application to Proceed In Forma Pauperis* (ECF No. 1) is **GRANTED**.

2. Plaintiff's Complaint (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court is kindly instructed to **STRIKE** the Complaint from the record.

3. Plaintiff has until **Friday, February 6, 2025,** to file an amended complaint addressing the issue addressed above. Failure to timely file an amended complaint addressing the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

4. If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

DATED: December 5, 2025

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.